FRAD *v.* KELLY, U. S. MARSHAL.

No. 87.   Argued November 9, 10, 1937.—Decided December 6, 1937.

*Mr. Harris Jay Griston* for petitioner.

*Solicitor General Reed, Assistant Attorney General McMahon,* and *Messrs. William W. Barron, Bates*

*Booth* and *Edward J. Ennis* were on a brief for the United States.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The petitioner pleaded guilty to three indictments in the District Court for the Southern District of New York. Judge Inch, a district judge of the Eastern District of New York, who had been designated and assigned to sit in the Southern District, pursuant to R. S. 591, as amended,[1] received the pleas and imposed a sentence under the first indictment (No. C 96–116) of two years' imprisonment and $1,000 fine. Under the other indictments he made identical orders: "Imposition of sentence suspended. Probation for four years to begin after serving sentence on C 96–116. Subject to the standing probation orders of this Court." The petitioner paid his fine and served his sentence and thereupon entered upon his period of probation.

Twenty months after Judge Inch had returned to his own district, application was made to him at chambers, to discharge the petitioner from probation and to terminate the proceedings against him, pursuant to § 2 of the Probation Act of March 4, 1925.[2] The judge directed that notice of the application be given to the probation officer of the Southern District of New York. This was done and, after a hearing on the merits in the Eastern District, at which the probation officer was present and took part, Judge Inch entered an order revoking the probation, discharging the petitioner from further supervision and terminating the proceedings against him. The order was captioned in the "United States District Court for the Southern District of New York" and was filed in the office of the clerk of that court.

---

[1] U. S. Code, Title 28, § 17.

[2] U. S. Code, Title 18, § 725.

About a year later, on a petition by the probation officer of the Southern District, a judge sitting in that district authorized a warrant for the petitioner's apprehension upon a charge of violation of the terms of his probation. The petitioner was arrested and admitted to bail pending a hearing.

Thereafter the United States Attorney for the Southern District moved to vacate the order of Judge Inch terminating the probation and the proceedings. By stipulation of counsel, Judge Inch returned to the Southern District to hear the parties upon this motion but he entered no order since, meantime, the petitioner had surrendered himself to the marshal and sought a writ of *habeas corpus,* and the United States Attorney had moved before a judge sitting in the Southern District that the petitioner be sentenced on the two indictments under which sentence had been suspended.[3] The petition for the writ and the motion for sentence were heard together; the petition was granted, and the motion was denied. The Circuit Court of Appeals reversed and remanded the cause "for the consideration of the revocation of [the petitioner's] probation and for sentence if warranted."[4]

We granted the writ of certiorari because of the importance of the questions presented in the administration of the Probation Act. We hold that the judgment of the court below was right.

*First.* The contention that the trial court was without power to suspend the imposition of sentences on the pleas of guilty to two of the indictments and place the de-

___

[3] In fact there were two motions. The one was for sentence on the two indictments. This apparently was not pressed. The other was for an order committing the petitioner "for the period of the unserved portion of his sentence . . . to wit, four years in a place to be designated by the Attorney General of the United States, and for such other, further, and different relief as to the court may seem just and proper."

[4] 89 F. (2d) 866.

fendant on probation effective after completion of service of sentence on the third indictment is without merit. Based upon this contention the petitioner says that when he had completed service of the sentence imposed on indictment C 96–116 there remained no sentence against him and the term having long since expired the court was without power then to impose one.

The Probation Act (*supra*) provides, in § 1, that United States courts having original jurisdiction of criminal actions, being satisfied that the ends of justice and the best interests of the public and of the defendant will be served thereby, shall have power, after conviction for any crime or offense not punishable by death or life imprisonment, "to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best," or to impose a fine and place the defendant upon probation; to revoke or modify any condition of probation or change the period thereof, provided that the period with any extensions shall not exceed five years. The act was intended to cure the lack of power indefinitely to suspend a sentence, under which district courts labored prior to the enactment.[5]

The second section provides that at any time within the probation period, or at any time after the probation period but within the maximum period for which the defendant might originally have been sentenced, the probationer may be summoned before the court and "the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." The action of the trial court in suspending sentence and imposing probation on two of the indictments was in strict accordance with the authority thus explicitly conferred. The validity of the

---

[5] *Ex parte United States*, 242 U. S. 27.

cited provisions is not open to question.[6] The mere fact that a sentence of a fine and imprisonment had been imposed upon one of the indictments in no way militated against the prescription of probation in respect of the plea of guilty under the other two.[7]

*Second.* The order of Judge Inch, sitting in the Eastern District, after the termination of his service in the Southern District, was null. The statute providing for designation and assignment of a district judge to sit temporarily in another district than his own does not authorize the order, and the express provisions and obvious intent of the Probation Act negate the power of any judge, other than a judge of the Southern District of New York, to make it.

The Act of March 3, 1911, § 18, as amended,[8] provides: "Any designated and assigned judge who has held court in another district than his own shall have power, notwithstanding his absence from such district and the expiration of the time limit in his designation, to decide all matters which have been submitted to him within such district, to decide motions for new trials, settle bills of exceptions, certify or authenticate narratives of testimony, or perform any other act required by law or the rules to be performed in order to prepare any case so tried by him for review in an appellate court; . . . ."

When an assigned judge has presided at the trial of a cause, he is to have power, though the period of his service has expired, and though he may have returned to his own district, to perform the functions which are incidental and supplementary to the duties performed by him while present and acting in the designated district. And where a cause has been submitted to him in the designated district, after his return to his own district he may enter decrees or orders and file opinions necessary to dispose of

[6] *Escoe v. Zerbst,* 295 U. S. 490, 492.

[7] Compare *Burns v. United States,* 287 U. S. 216.

[8] U. S. Code, Tit. 28, § 22.

the case, notwithstanding the termination of his period of service in the foreign district. But the Act goes no farther. It clearly does not contemplate that he shall decide any matter which has not been submitted to him within the designated district. A criminal trial is concluded by the judgment of sentence entered upon a plea or a verdict of guilt. By express provision of the statute an assigned judge may thereafter, notwithstanding the expiration of his term of service, hear a motion for a new trial and do all things necessary to prepare a record for an appellate court, but no authority is given to hear a new matter even though that new matter may arise in the same case. An application for the termination of the probation and the proceedings against a defendant constitutes a new matter, submission of which may not be made to the assigned judge after his return to his own district. The appropriate place for its presentation is the court in which the judgment of conviction and the sentence are recorded. In the absence of express authorization no power to deal with such an application is vested in any other court.

All the relevant provisions of the Probation Act refer to the court in which the guilt of the defendant was determined and sentence imposed. The first section empowers the court having jurisdiction of the action to place the defendant upon probation, and to revoke or modify the conditions of the probation. The second requires the probation officer, when directed by the court, to report to the court as to the conduct of the probationer; authorizes the court either to discharge the probationer from further supervision or to terminate the proceedings against him or to extend the period of probation, to issue a warrant, upon a proper showing, for the probationer's arrest and, upon a hearing, to revoke the probation or the suspension of sentence and to impose a sentence which might have originally been imposed. Section three au-

thorizes the judge of any United States court to appoint one or more suitable persons as probation officers "within the jurisdiction and under the discretion of the judge making such appointment or of his successor." Section four places upon a probation officer the duty to investigate any case referred to him for investigation by the court in which he is serving and to report thereon to the court, and such other duties as the court may direct.

Thus the trial court has complete supervision over the probationer for the period of his probation and for the term of the maximum sentence which might have been imposed. This jurisdiction is vested in the trial court and in no other. To hold that a judge of another district, merely because he had temporarily sat at the trial and conviction of a defendant and imposed sentence, could, from that other district, supervise, extend, modify or terminate the probation, would be to ignore the intent of the law. It would moreover result in confusion and inconvenience in the administration of the Probation Act. It would mean that the United States Attorney and his assistants, and a probation officer of the court in which the judgment is recorded, would be required to go to distant parts to be heard upon the merits of any application by the probationer and that the probationer, at his will, could institute proceedings either before a judge of the court in which his conviction is recorded or the judge in a different district who had been a temporary member of that court. Such a possibility was certainly never intended. Probation is a system of tutelage under the supervision and control of the court which has jurisdiction over the convicted defendant, has the record of his conviction and sentence, the records and reports as to his compliance with the conditions of his probation, and the aid of the local probation officer, under whose supervision the defendant is placed. This jurisdiction is not divided between that court and a distant judge who sat by designation at the defendant's trial.

*Third.* What has been said indicates the answer to petitioner's argument that the probation officer of the Southern District, by appearing before Judge Inch in the Eastern District upon the application for termination of the proceedings, and the United States Attorney, by stipulating that Judge Inch might return to the Southern District to hear a motion for resettlement of his order, have waived venue or are estopped to question it. Neither of these officers could confer jurisdiction upon a designated judge to perform acts not authorized by the assignment Act outside the district of designation after his term of service had ended. They could not waive the jurisdictional requirements of the Probation Act or by their conduct confer jurisdiction on a judge of another district to act for the trial court in which alone the statute vests the power to deal with the subject.

The judgment is

*Affirmed.*