## GREENHAUS v. SANFORD, Warden.

### No. 1634.

District Court, N. D. Georgia, Atlanta Division.

Feb. 26, 1941.

Charles H. Greenhaus, in personam.

Harvey H. Tisinger, U. S. Atty., John J. Flynt, Jr., Asst. U. S. Atty., and Lawrence S. Camp, U. S. Atty., all of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was convicted on an indictment of fifteen counts, charging violations of the Mail Fraud and Conspiracy Statutes, 18 U.S.C.A. §§ 338, 88.

He was sentenced, on March 6, 1931, to three years on Counts 1, 3, 5, 7, 9, 11 and 13, and to two years imprisonment on Count 15, all of the sentences to run concurrently.

He was also sentenced to a term of five years on Counts 2, 4, 6, 8, 10, 12 and 14, which sentences were to run concurrently.

However, the sentences on the even numbered counts were to begin at the expiration of the sentences on the odd numbered counts, and there was the further provision that "sentence on even numbered counts suspended during good behavior, and defendant to report to probation officer."

An appeal was taken by petitioner from the judgment of conviction, which was thereafter affirmed by the Circuit Court of Appeals for the Second Circuit. United States v. Easterday et al., 57 F.2d 165.

Petitioner began to serve this sentence on August 19, 1932, and was released from the penitentiary on December 9, 1934, and thereupon began to serve his probationary sentence. After hearing, the District Court in United States v. Greenhaus, 14 F. Supp. 368, on April 6, 1936, acting under authority of 18 U.S.C.A. § 725, which provides that, "The court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed," revoked the probation and reduced the original sentence on the even numbered counts from five years to a term of three years and eight months. This judgment was appealed and the Circuit Court of Appeals held (United States v. Greenhaus, 2 Cir., 85 F.2d 116, 119, 107 A.L.R. 630) that "the execution of sentence on the even numbered counts could not be suspended and probation granted," and "that the appellant was properly committed to serve his sentence under the even numbered counts of the indictment," citing as authority, United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309.

The Appellate Court, however, did not expressly hold in its decision that the reduction in the sentence from five years to three years and eight months was invalid, and the failure to do so resulted in a second decision, nearly a year later, which held: "The order of Judge Byers committing the appellant to the federal penitentiary at Atlanta for three years and eight months is so modified as to commit him to Atlanta to serve the balance of a total term of eight years after crediting thereupon the period from August 19, 1932, to April 9, 1936, and without prejudice to any rights of commutation to which he may be entitled by law." United States v. Greenhaus, 2 Cir., 89 F.2d 634, 635.

Subsequently, on May 3, 1937, the District Court entered an order on the mandate making the judgment of the Appellate Court the judgment of the District Court, and petitioner was given credit for time served from that day.

When the mandate came down the District Court, under authority thereof, without calling petitioner before it and not in his presence, changed its previous sentence of three years and eight months and revocation of probation, so as to impose a total term of eight years, after crediting thereupon the period from August 19, 1932, to April 9, 1936, and the commitment, issued on May 3, 1937, in pursuance thereof, is the commitment under which petitioner has been held ever since and is now held.

It will be seen from the foregoing that petitioner has actually served in the penitentiary, not counting the time he was out on probation, from December 9, 1934, to April 9, 1936, which was allowed by the Circuit Court of Appeals, nor the time he was in jail pending appeal, from April 9, 1936, to May 3, 1937, which was not allowed by the Circuit Court of Appeals, a total period of over six years and eleven months, which is three months more than the total sentence imposed of six years and eight months, if the three years and eight months sentence be the legal sentence. Counting the year and twenty-four days he spent in jail, pending appeal, he has already been confined nearly eight years.

Two questions are presented: First, was the three years and eight months sentence, imposed by the District Court upon revocation of probation, a valid sentence; and, second, if so, can a habeas corpus court, petitioner having completed the service of such sentence, discharge him from his present detention?

There can be no question as to the District Court's power to revoke the probation and impose the three years and eight months sentence, under authority of Frad v. Kelly, 302 U.S. 312, at page 316, 58 S.Ct. 188, at page 191, 82 L.Ed. 282, which expressly held that, "The mere fact that a sentence of a fine and imprisonment had been imposed upon one of the indictments in no way militated against the prescription of probation in respect of the plea of guilty under the other two." The fact that sentences in the case at bar were on different counts of the same indictment rather than upon separate indictments is immaterial. Sweet v. Sanford, 5 Cir., 115 F.2d 213.

In the case of United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, the trial court undertook to change a general and unconditional penitentiary sentence, after service thereof had actually begun, to a probationary sentence, which the Court held could not be done. But this decision, which was relied upon exclusively by the Court of Appeals for the Second Circuit, United States v. Greenhaus, 85 F.2d 116, 107 A.L.R. 630, does not at all militate against the controlling effect, in the case at bar, of the ruling in Frad v. Kelly, supra, since in the case at bar the probationary sentences were on different counts from those of straight imprisonment and were imposed before defendant had entered upon the service of the probationary sentences, and indeed, before entering upon the service of any of the sentences.

The Circuit Court of Appeals for the Fifth Circuit recognizes that a sentence suspended in connection with probation, upon revocation of the probation, becomes "a dead letter" and the new sentence becomes the legal sentence of the Court. The Court said in a case before them, Cornerz v. United States, 5 Cir., 69 F.2d 965, at page 966, that, "In the present case the old sentence was reinstated instead of making another essentially different, but the power exercised in either case is that given by the words quoted from the statute. The old sentence became effective because the court on January 25, 1933, so adjudged. Otherwise it would have remained a dead letter. If appellant is now to be imprisoned, it is not directly by virtue of the old sentence, but by virtue of the judgment of January 25, 1933."

The Circuit Court of Appeals for the Fifth Circuit has also stated, in the case of United States v. Antinori, 59 F.2d 171, at page 172, that, "Really, when probation is revoked, the punishment then imposed is more for its violation than for the original offense."

To the same effect, the Court of Appeals for the First Circuit, in the case of Scalia v. United States, 62 F.2d 220, at page 223, held, in comparing the original and later sentences, that, "Having reached the conclusion that the District Court, on revoking the probation and suspension of sentence, could modify or revoke the original judgment and enter a modified or new one, and a new or modified one having been entered in this case on July 24, 1929, when petitioner was sentenced and imprisoned for four months, we think the original judgment of June 20, 1929, thereupon, in fact and in law, came to an end."

If, therefore, the sentence of three years and eight months imposed in this case upon revocation of probation was the legal and valid sentence, and the original judgment of March 6, 1931, came to an end and was a dead letter, as held in the above cited cases, then, of course, petitioner could not be held under the original judgment, but only under the last one, that is, the sentence of three years and eight months, which has been completely served, and should be discharged, unless the ruling in the case of the Circuit Court of Appeals for the Second Circuit leaves him remediless.

Petitioner is now held under the original sentence, so modified by the ruling of the Circuit Court as to eliminate the probationary provision and construed to be an unconditional sentence of five years on the even numbered counts.

The ruling of the Circuit Court of Appeals, as appears from the mandate, is as follows: "Ordered, Adjudged, and Decreed That the order committing the appellant to the federal penitentiary at Atlanta for three years and eight months is so modified as to commit him to Atlanta to serve the balance of a total term of eight years after crediting thereupon the period from August 19, 1932, to April 9, 1936, and without prejudice to any rights of commutation to which he may be entitled by law. You, therefore, are hereby commanded that such further proceeding be had in said cause, in accordance with the decision of this Court as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding."

By this ruling, the Circuit Court of Appeals undertook to change and modify a valid and legal sentence, which had previously been affirmed by it, long after the end of the term at which it was passed. The only way that the original sentence, which carried the provision for probation, could be modified or changed, after the term had passed, would be by virtue of the extension of the term because of the probationary provision. But, if this provision was invalid, as held by the Circuit Court of Appeals, of course the term was not extended beyond that at which the sentence

was passed and both courts lost jurisdiction thereafter.

So we have the curious result of attempted modification by the trial court, as directed by the Circuit Court of Appeals, of a sentence held to be void by the latter court, and at the same time, the putting into effect, after material change and after expiration of the trial term, of the original sentence which neither court had jurisdiction to alter in the proceedings before them.

Furthermore, the change in sentence, increasing the term of imprisonment, was made in the absence of the defendant.

 If the Court of Appeals' ruling to the effect that the probationary provision of the original sentence was void be accepted, then the term was not extended and that very fact would establish want of jurisdiction in both the trial and appellate courts to modify or change the judgment at all. This leaves a habeas corpus court free to pass upon the validity of this judgment and construe it in the light of Frad v. Kelly, supra.

If the original sentence, including the probationary provision, was valid, and in my opinion it was, then the term was extended to the date of revocation of probation and new sentence. In that event either the new sentence must be given effect, or the original sentence be held to be still operative and unmodified and subject to be changed and probation revoked at any time within the limits permitted by the statute.

If the new sentence be held valid, then petitioner should be discharged because he has served the full term thereof.

If the original sentence is held to be the only valid sentence, then full effect must be given to the probationary provision and, if it should be held that the sentence revoking it was void, said original sentence is still in effect and the probation unrevoked, and consequently detention thereunder could not be justified.

In either case, therefore, petitioner should be discharged from his present imprisonment.

Whereupon, it is considered, ordered and adjudged that the writ of habeas corpus be, and the same hereby is sustained, and that the respondent discharge petitioner from custody at the end of five (5) days from this date, unless a further stay be granted by this Court, such stay being allowed to afford opportunity for appeal if desired.