## HAYDEN v. WARDEN, UNITED STATES PENITENTIARY, McNEIL ISLAND, WASH.

### No. 9921.

Circuit Court of Appeals, Ninth Circuit.

Dec. 20, 1941.

Hubert N. Hayden, in pro. per.

J. Charles Dennis, U. S. Atty., and Frank Hale, Asst. U. S. Atty., both of Tacoma, Wash., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus.

Appellant was indicted on October 25, 1933, in the United States District Court for the Southern District of California for passing a counterfeit Federal Reserve note. On March 26, 1934, he pleaded guilty thereto, and filed a motion for probation. On April 17, 1934, appellant was apprehended pursuant to an information against him, charging robbery, filed in a state court of California. On April 26, 1934, the federal court continued appellant's case, and granted further continuances thereafter. On June 14, 1934, appellant pleaded guilty in the state court and was given an indeterminate sentence. On August 6, 1934, the federal court sentenced appellant to a five-year term of imprisonment "to begin to run upon defendant's release after serving sentence pronounced in the State of California". Commitment was issued on August 6, 1934. On August 11, 1934, appellant was delivered to the warden of the state prison, to serve the indeterminate sentence of the state court.

Appellant was released from the state prison on October 31, 1939, at which time he was taken into custody by the United States Marshal under authority of the commitment issued August 6, 1934, and subsequently delivered to appellee, the warden of the federal prison where appellant is now confined.

On July 1, 1941, appellant filed his petition for a writ of habeas corpus alleging the above facts. Attached thereto was a statement of the docket entries in the federal case, showing that appellant was represented by counsel. The court below issued a show cause order. Appellee demurred to the petition. The court below sustained the demurrer, dismissed the petition and discharged the show cause order. This appeal followed.

■ First. Appellant contends that the federal sentence is void because it provides that appellant's imprisonment should begin at some future indefinite time. The court below could properly order the sentence

to run consecutively with another sentence, and such a sentence is not too uncertain. Van Gorder v. Johnston, 9 Cir., 82 F.2d 729; Brown v. Johnston, 9 Cir., 91 F.2d 370. Compare Zerbst v. McPike, 5 Cir., 97 F.2d 253.

Second. It seems to be contended that the court below had no power to postpone imposition of sentence. Since the postponement, by continuances, was for a definite time, the contention is not well taken. Miller v. Aderhold, 288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702; 24 C.J. 27, § 1564. Compare Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282; Rule 1, Rules in Criminal Cases, 292 U.S. 661, 54 S.Ct. XXXVII.

Third. It is finally contended that the federal sentence began to run when pronounced and has now expired. 18 U. S.C.A § 709a provides to the contrary. Under that statute the sentence did not begin to run until appellant was received at the penitentiary or at a place of detention to await transportation thereto.

Affirmed.