340

## UNITED STATES v. JAMES.

### Cr. A. No. 9172.

District Court, W. D. Louisiana,
Shreveport Division.

Nov. 3, 1943.

Judgment Affirmed Jan. 25, 1944.
See 140 F.2d 392.

Malcolm E. Lafargue, U.S. Atty., of Shreveport, La., for plaintiff.

Chas. L. Mayer, of Shreveport, La., for defendant.

DAWKINS, District Judge.

George James plead guilty to a two count indictment and was "sentenced to serve four years in the United States penitentiary at Atlanta, Georgia, on the first count of this indictment, and on the second count of the indictment, imposition of sentence was suspended for a period of five years after the expiration of the sentence on count one, and the defendant was ordered placed on active probation, conditioned upon his not again violating any law, State or Federal, during the period of said suspension and probation". Defendant was conditionally released by the Parole Board, and while so at large and before the period of conditional release had expired, committed the offenses for which he was ruled into this Court to have the suspension set aside and sentence imposed upon the second count.

Counsel, appointed by the Court to represent James in the present proceeding, filed a demurrer or motion to quash the rule to show cause why the suspension should not be set aside, contending that until the four years of the original sentence had expired, and as it is asserted, probation began, this Court had no power or control over the prisoner authorizing it to entertain the present proceeding. On the other hand, counsel for the Government takes the position that the suspension became effective at the time of sentence on the first count, and was to continue only on condition that defendant did none of the things which it was provided should warrant revocation of the suspension; and that while supervision by the probation officer could not begin until defendant had been finally discharged by the penitentiary authorities or the four years sentence on the first count had expired, the Court could, for any infraction of the conditions upon which suspension was made, call the prisoner back and impose sentence on the second count.

No case directly in point has been cited by counsel or found by the Court, but it has been held that the prisoner could, while serving sentence on one count of an indictment, have the suspension as to others set aside and be sentenced for acts committed while serving the first sentence. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. It should be noted that while "imposition of sentence (on the second count) was suspended for a period of five years after the expiration of the sentence on count one", the prisoner was at the same time "placed on active probation conditioned on his not again violating any law, State or Federal, during the period of such suspension and probation". Therefore, the probation, it would seem, commenced at once, under the statute, to not exceed five years, and had not expired when the defendant committed the offenses for which revocation was sought in this case, consisting of the participation in two robberies from the person, as disclosed by the open court trial of the

application to revoke the suspension of sentence. Even if the probation period had expired, under the very terms of the Probation Act, Act of March 4, 1925, C. 521, 43 Stat. 1259, Title 18 U.S.C.A. §§ 724–727, "the court may revoke the probation *or the suspension of sentence,* and may impose any sentence which might originally have been imposed". (Italics by the writer.) The use of the disjunctive "or" in this language of the statute demonstrates that Congress did not intend to limit the Court's power to revoke the suspension of sentence to the period of probation because it expressly provides that this may be done at any time during the full period for which sentence could have been originally imposed and I take this to mean, in this case, ten years, because the two counts to which the defendant pleaded guilty carried a maximum of five years each. It thus appears that if the period of probation, with the consequent supervision of the probation officer, may not exceed five years, the Court does have power to "revoke * * * the suspension of sentence, and may impose any sentence which might originally have been imposed". In Frad v. Kelly, 302 U.S. 312, at page 316, 58 S.Ct. 188, 191, 82 L.Ed. 282, the Supreme Court, after discussing the situation where three indictments were involved, said: "The mere fact that a sentence of a fine and imprisonment had been imposed upon one of the indictments in no way militated against the prescription of probation in respect of the plea of guilty under the other two".

No good reason can be seen why the same rule would not apply to separate counts of the same indictment, covering distinct offenses. At page 318, of 302 U.S., at page 192 of 58 S.Ct., 82 L.Ed. 282, the Court further said: "Thus the trial court has complete supervision over the probationer for the period of his probation *and for the term of the maximum sentence which might have been imposed".* (Italics by the writer.)

It would be remarkable, to say the least, if it could be said that the period of serving sentence under one count acts as an insulation against the power of the court to recall the prisoner before it as to those which had been suspended, even though he, as in this case, has committed robberies while out on a conditional release from parole. In other words, to so hold, would have the effect of rendering the accused immune to such action on one day, but subjecting him to the Court's power if the offense was committed within the first imaginable period of time immediately following the expiration of conditional release or of parole. I do not believe Congress intended any such result.

In cases like the present, after the prisoner has been returned to serve the remainder of his sentence for violation of the terms of release, it would seem, the only thing necessary is to have the consent of prison authorities having jurisdiction of him, to his being brought before the Court for hearing the charges of violating the terms of his probation or suspension of sentence. The Court then can impose such sentence on the other counts as it may see fit, either to run concurrently or to begin when the one being served has ended. In fact, the prisoner would have the right to insist on being allowed to have the case charging violation of the terms of his probation or suspended sentence tried immediately, because of the constitutional guarantee of a speedy trial and the effects upon his rights with respect to parole, etc., by the penitentiary authorities.