**PALMER v. SANFORD, Warden.**

No. 2021.

District Court, N. D. Georgia, Atlanta Division.

Oct. 5, 1944.

Richard Alfred Palmer, in pro. per., for petitioner.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

RUSSELL, District Judge.

At the hearing had upon the petition for the writ of habeas corpus instituted by Richard Alfred Palmer, the following appeared:

On June 18, 1934, petitioner plead guilty to an indictment in two counts, each count charging the theft from a passenger in a Pullman car moving in interstate commerce, the dates of the offenses being different and the passengers and trains being different. Thereupon the court imposed sentence of four years on count one and ten years on count two, with sentence suspended on count two and probation for five years after serving sentence on count one. Petitioner served the four year sentence less good time and was conditionally released. He proceeded to the sentencing jurisdiction and reported to the probation officer. Thereafter he became a violator and was returned to serve out the remaining portion of the four year sentence. Upon release therefrom, he was brought before the sentencing court for violation of probation by reason of the conduct violating his conditional release, but the motion to revoke probation was denied upon petitioner's insistence that the probation period began only after he had served the entire sentence imposed upon count one. Some two years later, petitioner was again apprehended and returned to the jurisdiction of the sentencing court, where, on March 7, 1941, his probation was revoked and the ten year sentence theretofore suspended was imposed. Respondent holds petitioner by virtue of the commitment issued thereon.

Petitioner contends that the granting of probation to follow a completed sentence was illegal and that therefore the suspension of sentence was invalid, so that his total legal sentence was fourteen years. Then, relying upon the decision in White v. Pearlman, 10 Cir., 42 F.2d 788, he contends that as his release after service of the four year sentence was not due to any fault of his, the total time elapsing between the beginning of the service of

the four year sentence and the present time, being more than the time required to be served under a fourteen year sentence, less the statutory good time allowances, that he has therefore served the fourteen year sentence; and as he has had no deductions for good time, he should therefore be released.

As will be seen from the statement of petitioner's contentions (and without regard to the question of good time allowance), his right to release, if any, is dependent upon a determination that the suspension of execution of the ten year sentence and the grant of probation for five years was illegal. He contends that the sentencing court, having imposed sentence upon one count of the indictment and directed its execution, could not upon another and a different count, suspend the execution of the sentence imposed upon such latter count and grant probation to the defendant. He relies upon the decision in United States v. Greenhaus, 2 Cir., 85 F.2d 116, 107 A.L.R. 630, to support his contention. If the Greenhaus case, supra, correctly states the law applicable, then petitioner's contention that his legal sentence was fourteen years might be considered as established. However, that decision was expressly contrary to the ruling of the Tenth Circuit Court of Appeals in White v. Steigleder, 37 F.2d 858, in which it was held that sentences on different counts of one indictment for purposes of the Probation Act, 18 U.S.C.A. §§ 724–727, should be treated as separate sentences. The ruling in Burns v. United States, 287 U.S. 216, 217, 53 S.Ct. 154, 77 L.Ed. 266, while not upon the exact point, in reason clearly establishes the correctness of the decision in White v. Steigleder. The Burns case is not referred to in the Greenhaus case. The decision in the Burns case, supra, clearly recognizes by inference at least, the validity of the suspension of sentence and placing the defendant upon probation upon a count of an indictment upon which the defendant had by a former count been sentenced to a term of imprisonment. This is definitely confirmed by the Supreme Court in its later decision in the case of Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282, which expressly holds that such procedure is legal and proper in case of multiple indictments upon which sentences are imposed at the same time. In the Frad case, 302 U.S. page 315, 58 S.Ct. page 191, 82 L.Ed. 282, it is stated:

"The action of the trial court in suspending sentence and imposing probation on two of the indictments was in strict accordance with the authority thus explicitly conferred [by the Probation Act]. * * * The mere fact that a sentence of a fine and imprisonment had been imposed upon one of the indictments in no way militated against the prescription of probation in respect of the plea of guilty under the other two." And in the footnote the following appears: "Compare Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266." In Weber v. Squier, 124 F.2d 618, the Circuit Court of Appeals for the Ninth Circuit deals fully with this question and determines that the decision in Frad v. Kelly, supra, settles the question (page 621 of 124 F.2d), that "sentence to the penitentiary under one count and suspension of sentence with probation under another count is altogether a valid proceeding." This statement appears in accord with the decisions of the Supreme Court and the weight of authority and is deemed to correctly express the applicable law which will be here followed. The Weber case likewise discusses (page 620 of 124 F. 2d) the case of Cosman v. United States, 303 U.S. 617, 58 S.Ct. 527, 82 L.Ed. 1083, in which the Supreme Court reversed the Second Circuit, 94 F.2d 1020, (which followed its prior decision in the Greenhaus case), without opinion, but expressly upon the authority of Frad v. Kelly, supra, and likewise calls attention to the fact that in the Cosman case apparently the factual situation was the same as the one in the Greenhaus case, in that the Cosman case dealt with several counts of an indictment rather than multiple indictments.

It is clear that the Supreme Court in Frad v. Kelly, supra, and Cosman v. United States, supra, has definitely rejected the ruling in the Greenhaus case. See also Deliz v. Rexroad, D.C. 18 F.Supp. 862; United States v. Pendergast, D.C., 28 F. Supp. 601, 611. The original sentence and order of the trial court suspending the execution of the ten year sentence imposed upon the second count of the indictment by placing the defendant upon probation to begin after serving the sentence imposed on count one was legal and proper. Thus there remains only a case where the defendant has been adjudged to have violated the terms of legally imposed probation, whereupon the sentence originally imposed, but its execution suspended, was ordered

to become effective. His commitment under such order and sentence furnishes proper and legal authority for his detention by the respondent. It follows that it is therefore unnecessary to deal with petitioner's collateral contention, that the time he actually was committed under the four year sentence and the time that he was at large after release therefrom, when added to the time presently served in confinement, totals the period of time necessary to constitute the service of a fourteen year sentence with good time allowance.

The petitioner failing to show any ground authorizing his release, it is thereupon considered, ordered and adjudged that the writ heretofore issued be discharged, and the petitioner remanded to the custody of the respondent.