## MANKOWSKI v. UNITED STATES.
### No. 11301.

Circuit Court of Appeals, Fifth Circuit.

March 23, 1945.

Rehearing Denied April 18, 1945.

Richard T. Rives, of Montgomery, Ala., for appellant.

Hartwell Davis, Asst. U. S. Atty., of Montgomery, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On September 16, 1944, Robert Stanley Mankowski was adjudged guilty of a violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, and was placed on five years probation, at which time the court entered the following order:

"* * * it is therefore Ordered, Adjudged and Decreed by the Court that the defendant is guilty in manner and form as charged in said indictment and that said defendant as punishment for said offense or offenses, be placed on five years probation on the following conditions: That the defendant at all times obey the laws of the United States or any State or Municipality wherever he may be and conduct himself as a well behaved citizen, and further that the defendant properly report 'to and subject himself to the supervision of the Probation Officer; said sentence of probation to be suspended if defendant goes back into the Army."

Thereafter, and on the 26th day of September, 1944, the defendant notified the probation officer that he had complied with the condition in regard to his return to the Army. He became Private Robert S. Mankowski, 36646563, Co. E., 1st Para. Tng. Regt., Fort Benning, Georgia.

On Saturday, October 21, 1944, the defendant was given a week-end pass by his commanding officer. With another soldier he traveled to Tuskegee, Alabama from Columbus, Georgia in an automobile. While riding in a bus and returning to Fort Benning, the defendant and the soldier with him were arrested at Auburn, Alabama, and charged with violating the National Motor Vehicle Theft Act. The defendant has been held ever since that time by the United States Marshal in the Coosa County, Alabama jail. No demand or request has been made by the military authorities for the custody of the defendant, but the record discloses that the defendant's commanding officer wired the defendant's father:

"Concerning Robert S. Mankowski Decision Military authorities not request return subject military control pending grand jury action."

Thereafter, and on February 19, 1945, the defendant and the soldier arrested with him were tried on the charge of the theft of the automobile in question and both were acquitted by a jury. Thereupon the court ordered the defendant further held, and on February 22, 1945, after a hearing, entered the following order:

"It is, therefore, ordered and adjudged by the Court that the order heretofore made suspending the probation of the defendant be, and the same is, set aside, and that the probation of the said Robert Stanley Mankowski be, and the same is, revoked."

The defendant was sentenced to serve a term of 18 months imprisonment. From this order of revocation and sentence the defendant has appealed.

A probationer may not have his probation revoked unless it is made to appear that he has failed to comply with the terms and conditions. Hollandsworth v. United States, 4 Cir., 34 F.2d 423, 428; United States v. Van Riper, 2 Cir., 99 F.2d 816, 817; Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566.

Courts in revoking and setting aside probation are given very wide latitude. Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266; Title 18, U.S.C.A. § 724.

A trial court has the power to place a defendant on probation effective after a subsequent offense, such as a completion of service of sentence on another charge. Frad v. Kelly, 302 U.S. 312, 315, 58 S.Ct. 188, 82 L.Ed. 282; Dillingham v. United States, 5 Cir., 76 F.2d 35, 36; Cooper v. United States, 5 Cir., 91 F.2d 195.

A very careful reading of the court's order will disclose that the defendant was not only placed on probation for a period of five years, conditioned on his future good behavior and on the further condition that he re-enter the United States army, but the order goes further and ex-

pressly orders that "said sentence of probation be *suspended* (italics ours) if defendant goes back into the army."

The record does not disclose how or in what way the trial court first obtained custody of the defendant and tried him for the offense on which he was adjudged guilty. It becomes manifest, however, that after his conviction and probation the United States Army could not, without a violation of the military laws, receive him back into the army unless his probation was suspended. Paragraph 13b, (4)(c) Army Regulations 615-500:

"(4) * * *

"(c) A registrant on parole, conditional release, probation, or suspended sentence will not be accepted for induction until the proper authority either terminates civil custody effective upon his being inducted into the armed forces, or suspends civil custody during his period of military service. If a registrant is rejected upon the provisions of this paragraph, that fact will be indicated by using the square in item No. 4 on the original and copy of DSS Form No. 218 (Certificate of Fitness). In addition a notation will be made on the duplicate copy only of Form No. 218 to show the reason for rejection."

The suspension of this probation paved the way for those in authority to permit the defendant to return to the Army, which he did. It becomes patent that if probation had not been suspended the defendant would not, in all probability, have been permitted to reenter the army. Moreover, when the defendant reentered the army it suspended all civil custody and control over him by the court, and the court thereby lost jurisdiction.

While no official order is found in the record, it is shown that the commanding officer of the Army awaited the action of the grand jury to ascertain if the defendant was guilty of the offense on which he was apprehended while on a week-end pass. The defendant was acquitted of this charge after a full and fair hearing by a jury. It is of no moment that his commanding officer has not ordered him back into the service. When he was found not guilty he was, is now, and will be a soldier in the United States Army until by proper order he is discharged or released from that service.

Under our view of this case, we find it unnecessary to decide the question of whether or not when defendant's service terminates in the army he may be called back before the trial judge. Suspend means to interrupt; to cause to cease for a time; to stay, delay or hinder; to discontinue temporarily but with an expectation or purpose of resumption. Black's Law Dictionary, p. 1690. The defendant is now in the United States Army, and this question can arise only if and when his service in the army is terminated.

The judgment and order of the trial court is reversed and the cause remanded with directions that it be in all things set aside, and that defendant be forthwith discharged.

Reversed and remanded with directions.