## SUNRISE MAYONNAISE, Inc. v. SWIFT & CO.

### No. 9341.

United States District Court
E. D. Pennsylvania.
Nov. 18, 1949.

Samuel R. Wurtman, Philadelphia, Pa., for plaintiff.

Richardson Blair (of Ballard, Spahr, Andrews & Ingersoll), Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is a motion for reargument.

In the course of the above mentioned action the defendant posed certain interrogatories to which the plaintiff filed objections, specifically to Interrogatories 2e and 8. The defendant then filed its motion to require the plaintiff to answer interrogatories 2e and 8 accompanied by supporting evidence. Argument was held thereon on July 14, 1949 before Honorable Judge C. C. Wyche, who was sitting in the Eastern District of Pennsylvania, pursuant to an order of June 27, 1949 by the Chief Justice of the United States Supreme Court, his regularly assigned District being the Western District of South Carolina. His assignment in this District was "during the period beginning June 11, 1949, and ending July 23, 1949, and for such further time as may be required to complete unfinished business". On July 20, 1949, six days after the argument, the plaintiff filed its answer to the defendant's motion, and a counter-affidavit. However, at the argument on July 14, 1949, a rough draft of the plaintiff's affidavit was read to the court and the court was advised that the affidavit would be formally filed at a later date. No objection was then made by counsel, and with the court's permission this procedure was accordingly followed. On July 21, 1949, counsel for the defendant wrote to Judge Wyche, who was then sitting regularly in the Western District of South Carolina, stating that the plaintiff's post-argument of the answer and counter-affidavit was prejudicial to the defendant, and asked him to refrain from deciding the matter, and to return it to the Eastern District of Pennsylvania so that the matter could be reargued on the basis of the affidavit and counter-affidavit. Judge Wyche, without replying to this letter, handed down his order denying defendant's motion to require answers to Interrogatories 2(e) and 8, on July 26, 1949 and it was filed on July 27, 1949. Accordingly on August 3, 1949, defendant filed this motion for reargument to require the plaintiff to answer defendant's Interrogatories 2(e) and 8. At the hearing this court raised the question of whether it had power to hear and pass upon the defendant's motion to reargue in view of the fact that Judge Wyche, while acting as a visiting judge in this district, had disposed of the original motion. The court directed that memoranda of law be filed looking to the disposition of its jurisdiction to entertain the motion.

Section 296 [1] of the Judicial Code, 28 U.S.C.A. makes provision for the disposition of work by a judge duly assigned to another district.

It is the contention of counsel for the defendant that the wording in Section 296 should be given a permissive rather than a mandatory construction and that it is nonexclusive to the extent that since it is permissive and not mandatory it does not deny to a judge of the district to which the visiting judge had been assigned, the right to hear unfinished business. In support thereof the defendant cites Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282, where the court held that a visiting

---

[1]. Sec. 296: "A justice or judge who has sat by designation and assignment in another district or circuit may, notwithstanding his absence from such district or circuit or the expiration of the period of his designation and assignment, decide or join in the decision and final disposition of all matters submitted to him during such period and in the consideration and disposition of applications for rehearing or further proceedings in such matters."

judge who had sentenced a person on a plea of guilty, and thereafter had departed to his home district, had no authority at a later date, to rule on a motion asking for a discharge from probation. It is argued therefore by counsel for the defendant that since the visiting judge in the case cited had no right to pass on a motion for probation, that a regular judge in this district has the right to pass upon interrogatories, which a visiting judge has ruled upon. This court sees no analogy in the two cases, in that in the case cited the visiting judge had passed sentence and departed, and had no unfinished business with respect to the prisoner, at the time of his departure and the matter of probation was raised sometime thereafter. In the instant case, the particular motion which this court is asked to rule upon was in controversy and was subject to a ruling by the visiting judge at the time of his departure.

In consideration of the matter, it leads us to the conclusion that this court under the statute has no authority, to hear reargument on a motion which Judge Wyche has made decision upon, and that any request for reargument should be submitted to him.

Defendant's motion for reargument is denied.