**UNITED STATES v. TACOMA.**

No. 18, Docket 22378.

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1952.

Decided Oct. 30, 1952.

———◆———

Anthony Tacoma, pro se, appellant.

Myles J. Lane, U. S. Atty., New York City, for appellee; Thomas F. Burchill, Jr., and Leonard Maran, Asst. U. S. Attys., New York City, of counsel.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

SWAN, Chief Judge.

This is an appeal in *forma pauperis* by a convict confined in the United States Penitentiary, Atlanta, Georgia, from an order denying his motion pursuant to 28 U.S. C.A. § 2255 to correct the sentence imposed upon him on December 2, 1943. He had previously been convicted in 1935 upon a two count indictment charging counterfeiting offenses. On count 1 of this indictment, No. C 96–836, he was sentenced to five years imprisonment; on count 2 he received a like term but execution was suspended and he was put on probation for five years to begin after expiration of the sentence on count 1. He served the sentence on count 1 and thereafter, while on probation, he committed offenses against the narcotic laws, and an indictment, No. C 112–172, was filed against him in the United States District Court for the Southern District of New York.[1] On December

———

1. He also committed a state offense of which he was convicted in a state court on November 26, 1943 and remanded for sentence on December 12, 1943. He

2, 1943, he was arraigned, pleaded guilty to indictment C 112–172 and admitted violation of probation. Thereupon Judge Hulbert revoked probation, and sentenced the appellant to five years on count 1 and two years on count 2, to run consecutively, under indictment C 112–172 and to one year and one day on count 2 of indictment C 96–836 to run consecutively to the sentence imposed on count 2 of indictment C 112–172. The sentence so imposed the appellant has previously attacked unsuccessfully upon grounds other than those now asserted.[2] His present motion is based on the contention that when probation was revoked and a sentence of imprisonment was imposed under count 2 of indictment C 96–836, the court had no power to postpone execution of such sentence until after service of another sentence imposed under indictment C 112–172. In other words, he objects only to the sequence of the sentences imposed on December 2, 1943, claiming that sentence for the probation violation must commence before service of the sentence for narcotic violations.

We think the contention is utterly lacking in merit. The statute, 18 U.S.C.A. § 3653, provides that "At any time within the probation period" the probationer may be taken before the court, and "Thereupon the court may revoke the probation * * * and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." It has been authoritatively decided that when a defendant pleads guilty to three indictments and the court imposes a prison sentence under one of the three, it may suspend imposition of sentence on the other two and place the defendant on probation to begin after service of sentence on the third indictment. Frad v. Kelly, 302 U.S. 312, 314, 58 S.Ct. 188, 82 L.Ed. 282. We see no reason to doubt that the court's discretion to determine the sequence of sentences is equally broad when the probationer is contemporaneously sentenced for violation of probation and the commission of separate crimes. See Mankowski v. Unit-

ed States, 5 Cir., 148 F.2d 143, 144. The order in which the prison terms are to be served seems to be a mere matter of form affecting no conceivable interest of the convict. Moreover, acceptance of the appellant's contention would mean that where a probationer is already in custody under a state sentence, as was the appellant, probation may never be revoked without resulting in making the sentence on the revocation run concurrently with the existing state sentence—a most undesirable result. We find nothing in Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, upon which the appellant particularly relies, to support his contention. The order on appeal is affirmed.

---

was brought into the federal court for arraignment on indictment C 112–172 pursuant to a writ of habeas corpus.

2. United States v. Tacoma, 2 Cir., 176 F. 2d 242.