Kenneth A. GREEN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17489.

United States Court of Appeals
Ninth Circuit.

Dec. 20, 1961.

Kenneth A. Green, El Reno, Okl., ap-pellant, in pro. per.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, David Y. Smith, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG and BROWNING, Circuit Judges, and TAYLOR, District Judge.

JERTBERG, Circuit Judge.

Appellant was convicted on his plea of guilty to both counts of a two-count indictment, each charging the offense of violating Title 18 U.S.C.A. § 2314, in that appellant unlawfully and fraudulently caused to be transported in interstate commerce a false security, the check in Count 1 being in the amount of $214.45 and the check in Count 2 in the amount of $322.

On December 14, 1959, appellant was sentenced under Count 1 to imprisonment for two years. Imposition of sentence under Count 2 was suspended, and appellant was placed on probation for a period of five years, to commence upon completion of service of sentence imposed on Count 1. On the same day, the district court ordered a stay of execution of the sentence until twelve o'clock noon, January 18, 1960.

On April 25, 1960, following appellant's conviction on his plea of *nolo contendere* to a one-count indictment charging violation of Title 18 U.S.C.A. § 2314, alleged to have been committed on or about January 8, 1960, the appellant was sentenced to imprisonment for three years, such sentence to run concurrently with the sentence imposed under the two-count indictment.

On May 3, 1961, the appellant moved the district court "for the discharge of the defendant from Count 2 of the two-count indictment * * *." The motion was denied and this appeal is from the order denying such motion.

Appellant, who appears *in propria persona*, makes two contentions.

■ First, he contends that the district court was without authority to suspend the imposition of sentence on Count 2 of the two-count indictment and place him on probation for the five-year period to commence upon completion of the two-year penitentiary sentence imposed on Count 1 of the same indictment.

Such contention is without merit.

The two offenses set forth in the two-count indictment are separate and distinct offenses, for which separate and distinct sentences may be imposed. Castle v. United States, 287 F.2d 657 (5th Cir. 1961); Carlson v. United States, 274 F. 2d 694 (8th Cir.1960); United States v. Taylor, 210 F.2d 110 (2d Cir.1954). The punishment provided by Title 18 U.S. C.A. § 2314, is a fine of not more than $10,000 or imprisonment for not more than ten years, or both. Title 18 U.S. C.A. § 3651, authorizes a suspension of imposition of sentence and the granting of probation. The sentence pronounced by the district court on Count 2 of the two-count indictment is specifically authorized by said section, which in pertinent part reads:

"Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment."

The express contention urged by appellant was considered by this court and rejected in Weber v. Squier, 124 F.2d 618 (9th Cir.1941), certiorari denied 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209, 1942. In the Weber case, the defendant was sentenced to imprisonment for two years on one count of the indictment and for five years on another count of the same indictment, but execution of this sentence was suspended and the defendant was placed on probation for five years. At page 621, of 124 F.2d, this court states:

"* * * there was nothing wrong with the District Court's or-

der in the instant case in sentencing petitioner to the penitentiary upon one count and at the same time sentencing him and suspending sentence under a period of probation under another count of the same indictment."

To the same effect, see Palmer v. Sanford, 57 F.Supp. 104 (D.C.Ga.1944), affirmed 147 F.2d 549 (5th Cir.1945), certiorari denied 325 U.S. 878, 65 S.Ct. 1555, 89 L.Ed. 1995, 1945; United States v. Vasen, 222 F.2d 3 (7th Cir. 1955).

Appellant quotes at great length from United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, 1928. In the Murray case, it was held that where a person had begun to serve his sentence, the court was without power under the Probation Act to suspend further execution and grant probation, even though in that case the term to which sentence was imposed had not expired. In the instant case, the suspension of imposition of sentence on Count 2 of the two-count indictment was pronounced at the same time as the sentence of imprisonment on Count 1 of the indictment, and hence before appellant had begun to serve his sentence on Count 1. Appellant appears to recognize that the holding in the Murray case is not apposite, but he derives comfort from a lengthy dissertation in the opinion with reference to the basic philosophy underlying the Probation Act.

■ Appellant's second contention is that the imposition of the three-year imprisonment sentence for the violation set forth in the one-count indictment, to run concurrently with the sentence imposed on the two-count indictment, makes the probationary sentence imposed upon Count 2 of the indictment a nullity, because upon the expiration of the imprisonment sentence of two years pronounced upon Count 1, probation under Count 2 will run concurrently with the last year of the three-year imprisonment sentence imposed upon the one-count indictment. Appellant describes this situation, by a borrowed phrase, as an "un-

holy union." It is clear that the Supreme Court does not so regard such situation. In Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, 1932, the petitioner pleaded guilty to three counts of an indictment. He was sentenced on the first count to imprisonment for one year; on the second count, to pay a fine of $2,000; and on the third count, to imprisonment for five years. Execution of the last-mentioned sentence was suspended and the court granted probation for a period of five years under specified terms. While petitioner was serving his sentence on the first count, it was found that he had violated the terms of probation, and the district court revoked the probation order. After reviewing the Probation Act and the principles governing it, the court stated at page 223, 53 S.Ct. at page 156:

"Applying these principles, it is apparent that the instant case has the peculiar feature that the probationer was actually serving a jail sentence while on probation with respect to another sentence. But, even in jail, he was subject to the conditions of the probation."

The court refused to disturb the order of the district court revoking the petitioner's probation.

Appellant's reliance on United States v. Greenhaus, 85 F.2d 116, 107 A.L.R. 630 (2d Cir.1936), is misplaced. In Weber v. Squier, supra, 124 F.2d at page 621 this court said:

"But as has been seen, we do not follow the Greenhaus doctrine, but hold that sentence to the penitentiary under one count and suspension of sentence with probation under another count is altogether a valid proceedings."

In Frad v. Kelly, 302 U.S. 312, at page 316, 58 S.Ct. 188, at page 191, 82 L.Ed. 282, 1937, the Supreme Court said:

"The mere fact that a sentence of a fine and imprisonment had been imposed upon one of the indictments in no way militated against the prescription of probation in respect of

the plea of guilty under the other two."

We have noted appellee's suggestion that we hold the running of the probationary period under Count 2 shall be tolled so as to commence to run upon the expiration of the three-year sentence imposed upon the single-count indictment, and not upon the expiration of the two-year sentence imposed on Count 1 of the two-count indictment. We decline to do so. The question implied in such suggestion is not before us.

The order appealed from is affirmed.