Herbert C. ENGLE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15544.

United States Court of Appeals Sixth Circuit.

May 19, 1964.

373, 9 L.Ed.2d 285 (1963)) and that the sentencing court had power to make the probation terms commence after completion of the sentence of commitment. Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282 (1937); Green v. United States, 298 F.2d 230 (C.A.9 1961).

On this appeal the only material question pertains to petitioner's contention that the probation sentences imposed by Judge Weinman were consecutive rather than concurrent, and that in total they greatly exceeded the five year limitation on probation contained in Title 18, U.S.C. § 3651.

The applicable statutory language reads: "The period of probation, together with any extension thereof, shall not exceed five years." Title 18, U.S.C. § 3651.

The two judgments of the court complained of in this regard, as signed and entered by Judge Weinman, read in pertinent part as follows:

Criminal No. 9570:

"IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of FIVE (5) Years on Count 1 and for a period of THREE (3) Years on each of Counts 2, 3 and 4 of the Indictment.

"IT IS FURTHER ADJUDGED that defendant pay a Fine of FIVE THOUSAND ($5,000.00) DOLLARS on Count 1 of this Indictment and that he stand committed until the payment of said Fine or until he is otherwise discharged by law.

"IT IS FURTHER ADJUDGED that sentence on each count of this cause commence at the expiration and legal termination of the sentence imposed this day in Criminal Cause 9572 of this Court.

"IT IS FURTHER ADJUDGED that the sentences of imprisonment on Counts 1, 2, 3 and 4 in this cause be suspended and that defendant be

John J. Connors, Jr., Columbus, Ohio, for appellant.

Arnold Morelli, Cincinnati, Ohio (Joseph P. Kinneary, U. S. Atty., Cincinnati, Ohio, on the brief), for appellee.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

Petitioner-Appellant in this proceeding sought a writ of habeas corpus to free himself from sentence of probation which had been imposed on him by United States District Judge Carl A. Weinman. He had, prior to filing his petition, served a three year sentence for mail fraud imposed by Judge Weinman at the same time as the probation sentences. The sentencing judge specified that the probation sentences were to begin after completion of the term of commitment.

Federal District Judge John W. Peck, who heard the habeas corpus petition, held on what we regard as settled authority that a probation sentence could be attacked by habeas corpus (see Jones v. Cunningham, 371 U.S. 236, 83 S.Ct.

placed on probation for said period of FIVE (5) YEARS on Count 1 and for a period of THREE (3) YEARS on each of Counts 2, 3 and 4."

Criminal No. 9571:

"IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of THREE (3) YEARS on each of Counts 1 and 2 of the Indictment.

"IT IS FURTHER ADJUDGED that defendant Pay a Fine of TEN THOUSAND ($10,000.00) DOLLARS on each of Counts 1 and 2 of this Indictment, making a total Fine of TWENTY THOUSAND ($20,000.00) DOLLARS in this Cause, and that defendant stand committed until the payment of said Fine or until he is otherwise discharged by law.

"IT IS FURTHER ADJUDGED that sentence of imprisonment in this cause be suspended and that defendant be placed on probation on each count for said period of Five (5) Years.

"IT IS FURTHER ADJUDGED that sentence of imprisonment in this cause begin at the expiration and legal termination of the sentence this day imposed in Criminal Cause 9572 of this Court."

Thus the judgments of probation were plainly consecutive to the sentence of commitment in Criminal Cause 9572. But they were silent as to whether each separate probation term was to run concurrently or consecutively.

■ The sentencing judge described the result of the sentences to the prisoner in open court as follows:

"Perhaps as a recap, and these matters can be explained to you by your counsel, the total fines on this amount to $25,000.00, incarceration amounts to three years with a letter from the Court to the Parole Board with reference to the time that you have been in the jail.

"You will note that sentences have been suspended which means that you will be under supervision of the Parole Board [1] of the United States Parole Office from anywhere of three to five years after you are through with your sentence."

Nonetheless, petitioner asserts that the sentencing judge used other language which had the effect of making the probation sentences consecutive totaling twenty-two years, which thereby violated Title 18, U.S.C. § 3651, and thus made them void.

The language relied on followed that just quoted:

"The Court is telling you now that if you violate any of the provisions of the probation this sentence has so been made and this Court will exercise its rights if the occasion ever requires the same to be done. That if you group all of these sentences on your probation, if it is violated, it would amount to serving a term of twenty-two years.[2] Your actions, yourself, will determine whether or not any of that provision is done. There are no con-current sentences with reference to these counts or these indictments."

In this entire paragraph Judge Weinman was not talking about the probation sentences. He was plainly talking about what the situations might be if probation were violated. We cannot read into these words an intention to make the probation sentences nonconcurrent and extending for twenty-two years as petitioner contends we should.

---

1. This reference to the Parole Board is in error. Supervision of the probation sentences would be under the Probation Department of the Federal District Court.

2. Our arithmetic indicates that the commitment sentences which were suspended totaled twenty years.

■ We believe the District Judge who heard this habeas corpus petition was correct in holding that the entries of sentence were silent as to whether the probationary periods were to run concurrently or consecutively; that in the situation before him the presumption should apply that they run concurrently, Gaddis v. United States, 280 F.2d 334 (C.A. 6 1960); see also Mills v. Hunter, 204 F.2d 468 (C.A. 10 1953); Hode v. Sanford, 101 F.2d 290 (C.A. 5 1939), and that a probationary sentence of a period of five years was imposed upon petitioner, and "that such sentence is legal."

Affirmed.