**George James WALLACE, Petitioner-Appellant,**

v.

**VILLAGE OF MANCHESTER, Respondent-Appellee.**

**No. 20460.**

United States Court of Appeals, Sixth Circuit.

Nov. 18, 1970.

Talbot M. Smith, Chelsea, Mich., on brief, for petitioner-appellant.

Thompson, Bishop, Tryand & Thompson, Ann Arbor, Mich., on brief for respondent-appellee.

Before PHILLIPS, Chief Judge, and WEICK and BROOKS, Circuit Judges.

PER CURIAM.

Defendant-appellant was convicted in a Michigan justice court for operating a motor vehicle while under the influence of intoxicants. The conviction was affirmed by a Michigan circuit court after a trial de novo. Having exhausted state remedies, appellant filed a petition for a writ of habeas corpus in the District Court asserting that the state courts lacked jurisdiction because of the alleged disqualification of the justice of the peace. We affirmed the denial of the writ by the District Court quoting from its opinion "[i]t is well settled that the 'title of a person acting under color of authority, even if he be not a good officer in point of law, cannot be collaterally attacked.'" Ex parte Ward, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765 (1899); DuVernay v. United States, 394 F.2d 979 (5th Cir. 1968); People v. Townsend, 214 Mich. 267, 183 N.W. 177 (1921).

A petition for rehearing was then filed which attacked the continuing validity of Ex parte Ward, supra, in light of Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282 (1937), and United States v. Allocco, 305 F.2d 704 (2nd Cir. 1962). The parties were granted additional time for briefing and the motion for rehearing has now been submitted on their briefs. The cases cited by the appellant, however, at best indicate there have been a few exceptional departures from the general rule that a judge's right to office cannot be questioned by collateral attack, and then only when important federal questions are raised as when there exists a conflict between the Executive and Judicial branches of the Federal Government and basic constitutional issues are involved. In Frad v. Kelly, supra, a federal district judge undertook to remove from probation and to terminate the proceedings against a defendant over whom he had no jurisdiction. A collateral attack on the authority of the judge was not challenged by the government but the Supreme Court granted certiorari "because of the importance of the questions presented in the administration of the Probation Act." In United States v. Allocco, supra, where other cases cited by appellant are discussed, it was held that in view of the important constitutional questions involved (interpreting Article II Section 2 and Article III Section 1 of the Constitution), the authority of a de facto district judge could be attacked on a 28 U.S.C. § 2255 motion to vacate sentence. In so holding, however, the departure from the general rule was carefully explained:

"We still believe it to be sound doctrine that even constitutional questions should be raised on the direct appeal or be considered waived. See U. S. v. Rosenberg, 200 F.2d 666, 668 (2d Cir. 1952), cert. denied, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384 (1953). It is because of the importance of the questions raised to the Executive and Judicial branches of our Government, that we permit a departure from this tenet." 305 F.2d at 707.

The issues raised by appellant are far removed from presenting the extraordinary circumstances where a departure has been permitted from the general rule that the authority of a defacto judge cannot be collaterally attacked.

The motion for a rehearing is therefore denied and the judgment of the District Court denying the petition for a writ of habeas corpus is reaffirmed.