**Petition of Herbert C. ENGLE for a Writ of Habeas Corpus.**
**Civ. A. No. 5363.**

United States District Court
S. D. Ohio, W. D.
June 13, 1963.

252

John J. Connors, Forest L. Blankenship, Troy, Ohio, for petitioner.

JOHN W. PECK, District Judge.

It appears from the face of the petition and from the records of this Court, which are judicially noticed to the extent hereinafter indicated, that petitioner, pursuant to indictment and conviction under pleas of guilty, was sentenced by a judge of this court in three separate but related cases on May 12th, 1960. Having served the committed portion of the sentence in the only one of the cases in which commitment was imposed, petitioner was discharged from confinement July 13th, 1962, and is presently serving the probationary sentence.

█ █  The first question presented is whether remedy under a writ of habeas corpus is available to a probationer, and that issue is resolved affirmatively to the petitioner. Whether restraint of liberty is total, as in solitary confinement, partial, as in the case of commitment to an honor camp, or minimal, as in the case of probation is only a matter of degree. The fact of restraint is present in each instance and the writ should be available to test the legality of the restraint. See

Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

█  Petitioner alleges that he is presently serving a 22-year probationary sentence, and reaches this total period by tacking together periods of probationary sentences imposed under the various counts of the three indictments as though it had been provided that they run consecutively. However, no such provision for consecutive running is contained in the judgment of the Court, and in such circumstance it will be deemed that the periods will run concurrently. Gaddis v. United States, 280 F.2d 334 (6th Cir., 1960). The sentence is within the limits permitted by law.

█  Petitioner contends that "probation cannot be made conditional on serving a prior portion of a sentence," and cites two cases in support of that proposition. (United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928); United States v. Albrecht, 25 F.2d 93 (7th Cir., 1928)). However, in these cases the probationary sentences were imposed after defendants had begun serving committed sentences, and thus are without application to the present situation. Petitioner further cites United States v. Greenhaus, 85 F.2d 116, 107 A.L.R. 630 (2d Cir., 1936), but so far as here applicable that case is adequately disposed of by the more recent and, we feel, more well-reasoned decision of Green v. United States, 298 F.2d 230 (9th Cir., 1960). See, Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955), in which a sentence similar to the one here involved was at least inferentially approved.

In accordance with the foregoing, it is concluded that the sentences imposed upon and presently being served by the petitioner are not illegal, and therefore

IT IS ORDERED that the petition for a writ of habeas corpus should be and it is hereby dismissed.