542 F.Supp.2d 949 (2007)
Mahir MOHAMMAD, Petitioner,
v.
Michael HESTON, District Director, Bureau of Citizenship and Immigration Services, and
The Honorable John Ashcroft, Attorney General of the United States of America, Respondents.
No. 4:04-CV-00460 SNL.
United States District Court, E.D. Missouri, Eastern Division.
September 24, 2007.
*950 Edgar E. Lim, Lim and Lim, St. Louis, MO, for Petitioner.
Raymond W. Gruender, III, United States Court of Appeals, Office of the Staff Attorney, Jane Rund, Office of U.S. Attorney, St. Louis, MO, for Respondents.

MEMORANDUM
STEPHEN N. LIMBAUGH, Senior District Judge.
This matter is before the Court upon Petitioner Mahir Mohammad's petition (Doc. # 1, filed April 19, 2004), requesting a writ of habeas corpus and a temporary restraining order. Responsive pleadings as to both have been submitted by both parties.
Petitioner, a resident alien of the United States, alleged that, shortly subsequent to a state court proceeding wherein he pled guilty in return for a suspended sentence on a drug-related charge, deportation proceedings were brought against him. Thereafter, Petitioner was ordered by the Immigration and Naturalization Service ("INS") to be removed from the United States. Following the order of deportation, Petitioner sought to have his guilty *951 plea withdrawn and requested a trial on the merits, on grounds that he received ineffective assistance of counsel This motion to withdraw, as well his subsequent request for a writ of mandamus, was denied by the state court.
Subsequently, Petitioner applied for relief from this Court, concurrently seeking injunctive relief as against the INS in moving forward on the deportation order, and habeas review of the INS's orders which stemmed from the allegedly unconstitutional state court proceedings.
This Court finds that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, or alternatively § 2254, should be denied. As a result of this finding, the Court correspondingly lacks jurisdiction to further sustain its grant of injunctive relief.

I. WRIT OF HABEAS CORPUS

A. Jurisdiction

i. 28 U.S.C.A. § 2241
The petition filed by Petitioner asks this Court to review his order of deportation and resulting custody by the INS, basing the Court's jurisdiction over his habeas application upon 28 U.S.C. § 2241. Under Section 2241(a) and (c), district courts have the authority to grant writs of habeas corpus where a petitioner is in custody under, or by color of authority of, the United States; or is in custody in violation of the Constitution or laws or treaties of the United States. As respondents contend, the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1101, et seq., divests this Court of subject matter jurisdiction to review the same. Id. at § 1252. Therefore, insofar as Petitioner seeks review of his conviction or deportation order under Section 2241, this Court is without subject matter jurisdiction, per Section 1252.
Notwithstanding Section 1252, or the habeas relief expressly sought by Petitioner under Section 2241, the Court finds that the petition is within its purview. Although 8 U.S.C. § 1252 prohibits a district court's review of a conviction or deportation order under the INA, it does not operate to restrict courts from exercising jurisdiction over the underlying criminal conviction. The petition before the Court alleges that Petitioner's constitutional rights were violated during his plea agreement with the state circuit court, in that he received ineffective assistance of counsel, and said defect resulted in his order of deportation and custody by the INS. Therefore, the judicial review prompted from, and entered into by, this Court does not include the review of any finding, action, proceeding, or order of removal under the INA; and the Court thereby retains its habeas jurisdiction to consider constitutional questions, i.e. a claim of ineffective counsel, concerning the underlying conviction of an alien subject to removal. See 8 U.S.C. § 1252; Carranza v. I.N.S., 89 F.Supp.2d 91, 94 (D.Mass.2000); Carranza v. I.N.S., 277 F.3d 65, 71 (1st Cir. 2002). See generally Mahadeo v. Reno, 226 F.3d 3 (1st Cir.2000), cert. denied, Ashcroft v. Mahadeo, 533 U.S. 949, 121 S.Ct. 2590, 150 L.Ed.2d 749 (2001). Compare Ante v. Reno, 114 F.Supp.2d 871, 872 (D.Mo.2000) (dismissing writ of habeas corpus under 28 U.S.C. § 2241 for want of jurisdiction, where petitioner raised constitutional and statutory challenges to the final order of removal).
Thereupon, although the Court does not have jurisdiction to grant habeas review under 28 U.S.C. § 2241, it may review the constitutional claims regarding the state court proceedings.

ii. 28 U.S.C.A. § 2254
Under 28 U.S.C. § 2254(a), district courts have jurisdiction to entertain habeas *952 applications on behalf of a person "in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In order to pursue such relief, a petitioner must be "in custody" and exhaust "the remedies available in the courts of the State." 28 U.S.C. § 2254(a)-(c); Banks v. Dretke, 540 U.S. 668, 690, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004).
In order to satisfy the exhaustion requirement, a petitioner must present his claim to each level of the state's courts for review and enable those respective courts to correct their own constitutional errors. Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam). Here, after his motions to withdraw and reconsider were denied by the circuit court, Petitioner exhausted his state court remedies by filing writs of mandamus with the circuit court, the Missouri court of appeals, the Missouri Supreme Court, and the United States Supreme Court, all of which were denied. (Doc. # 22:3, filed January 3, 2007.)
Next, the "in custody" requirement for purposes of habeas corpus is to be construed liberally, and does not require physical confinement where petitioner's release from confinement under the sentence in question is not unconditional. Maleng v. Cook, 490 U.S. 488, 491-92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). However, it does require that petitioner be "in custody" for the conviction or sentence under attack at the time his petition is filed. Id. at 490-91, 109 S.Ct. 1923.
See, e.g., Sammons v. Rodgers, 785 F.2d 1343, 1345 (5th Cir.1986) (suspended sentence carrying a threat of future imprisonment is `in custody'); U.S. ex rel. Wojtycha v. Hopkins, 517 F.2d 420, 423-24 (3d Cir. 1975) (recognizing the difference between parole and probation, yet finding probation and suspended sentence to be `in custody'). Compare U.S. ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir.1971), cert. denied, 409 U.S. 853, 93 S.Ct. 184, 34 L.Ed.2d 96 (1972) (A suspended sentence that does not carry a possibility of future imprisonment is not `in custody' for purposes of habeas corpus.). See U.S. ex rel. B. v. Shelly, 430 F.2d 215, 217 (2d Cir. 1970) (citing Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)) ("[W]e are directed to no reason or authority which would distinguish probation from parole in habeas corpus applications.") Petition of Engle, 218 F.Supp. 251, 252 (D.Ohio 1963) (probation is `in custody'), aff'd, Engle v. United States, 332 F.2d 88, 91 (6th Cir.1964), cert. denied, 379 U.S. 903, 85 S.Ct. 192, 13 L.Ed.2d 176 (1964); Hahn v. Burke, 430 F.2d 100, 102 (7th Cir.1970), cert. denied, 402 U.S. 933, 91 S.Ct. 1522, 28 L.Ed.2d 868 (1971) (probationary status seems to satisfy `in custody' requirement). C.f. Helm v. Jago, 588 F.2d 1180, 1181 (6th Cir.1979) (recognizing court's jurisdiction over defendant while on federal probation); accord Bruno v. Greenlee, 569 F.2d 775, 776-77 (3d Cir. 1978).
See c.f. Jones, 371 U.S. at 241-42, 83 S.Ct. 373 (prisoner on parole was still `in custody' under his unexpired sentence because release from his physical confinement was conditioned upon conducting and refraining from certain activities); Hensley v. Municipal Court, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (defendant released on his own recognizance pending sentencing is `in custody').
In the case before the Court, Petitioner is challenging his November 15, 2002 conviction from the state circuit court, wherein he received a suspended sentence and was placed on probation for five years. (Doc. # 5-8:1-2, filed June 18, 2004.) Thereafter, on or about April 19, 2004, Petitioner applied for a writ of habeas *953 as corpus with this Court. (Doc. # 1.) Relying on Circuits who have decided this issue, the Court finds that the statutory "in custody" requirement is satisfied by virtue of Petitioner's suspended sentence and probation, at the time he filed his petition.

B. Ineffective Assistance of Counsel
The Sixth Amendment, as applied through the Fourteenth, guarantees effective assistance of counsel to criminal defendants in state court. McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Powell v. State of Ala., 287 U.S. 45, 67-69, 53 S.Ct. 55, 77 L.Ed. 158 (1932).
The Court in Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) propounded the "benchmark" for judging claims of ineffective counsel in federal habeas proceedings. The Court noted that ineffective counsel must rise to the level of "conduct so undermining [sic] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686, 104 S.Ct. 2052. Therefore, although in hindsight a particular act or omission may seem unreasonable, courts must give great deference to counsel's performance when considering the inherent nuances and difficulties attributed to trial strategy. Id. at 689-91, 104 S.Ct. 2052. Despite this strong presumption of effectiveness, in every case where a breakdown is alleged by the defendant, the court should assess the reliability of the outcome. Id. at 696, 104 S.Ct. 2052. In so doing, before a court may conclude that defense counsel fell below the standard mandated by the Sixth Amendment, a defendant must first prove both (i) deficient performance and (ii) prejudice. Id. at 687-88, 104 S.Ct. 2052; See also Forest v. Delo, 52 F.3d 716, 720 (8th Cir.1995).
A constitutionally deficient performance is one which falls "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S.Ct. 2052. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. In the context of a guilty plea, a defendant must show that, but for the errors, the defendant would not have pled guilty and would have insisted on going to trial. Forest, 52 F.3d at 721 (citing Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)); see also Strickland at 693, 104 S.Ct. 2052 ("It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test.").
In reviewing the circuit court's conclusion that Counsel rendered effective assistance, this Court notes that both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact, subject to the deference requirement of Section 2254. Strickland, 466 U.S. at 697-98, 104 S.Ct. 2052; 28 U.S.C. § 2254(d) (habeas application shall not be granted unless adjudication of the state claim (i) resulted in a decision contrary to, or involving an unreasonable application of, clearly established law, as determined by the Supreme Court; or (ii) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding) (quotations omitted); § 2254(e)(1) (factual determinations by the state court are presumed correct, unless proven otherwise by clear and convincing evidence).
The Court agrees with Petitioner's stance in that it is desirable for state and *954 federal counsel to advise clients of all the consequences of pleading guilty, and that deportation is an admittedly harsh consequence thereof. Afterall, "[f]or a resident alien assessing the effects of a conviction, deportation is second only to imprisonment in terms of importance." Immigration and Naturalization Service v. St. Cyr, 533 U.S. 289, 322, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Therefore, if a defendant may face deportation as a result of a conviction, defense counsel "should fully advise the defendant of these consequences." Id. n. 48 (citing ABA STANDARDS FOR CRIMINAL JUSTICE, 14-3.2 cmt. at 75 (1982)). However, this Court differentiates between "should" and "must."
Notwithstanding the desirability of the most effective counsel, the purpose of the Sixth Amendment is not to prevent professional errors or misjudgments, or improve the quality of legal representation; rather, it is to prevent prejudice of those errors on the judgement or outcome of the proceeding, and to ensure a fair trial. Strickland, 466 U.S. at 689, 692, 104 S.Ct. 2052. In that way, the above-stated purpose limits the inquiry of this Court to whether Counsel's assistance was reasonable, considering all the circumstances. Although Petitioner asks this Court to require criminal defense attorneys representing aliens to advise of the immigration consequences of entering into a plea agreement, the prevailing norms cited by Petitioner are "only guides," and no court has entered into particularized mandates as to attorney representation. See id. at 688-89, 104 S.Ct. 2052 ("Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions.").
Petitioner argues that Counsel was ineffective in that he did not inform Petitioner that pleading guilty to a Class C felony would adversely affect his immigration status. (Doc. # 1-1:5.) Additionally, Petitioner claims he entered the guilty plea on the advice of Counsel, and only did so upon information and belief that the resulting suspended sentence would be expunged from his record after his period of probation. (Doc. # 1-1:6.) Petitioner further advances that effective counsel would have known about the consequences of a plea, and would not have allowed or advised Petitioner to take such action; and further that, given the fact that this was Petitioner's first felony, effective counsel should have been able to negotiate the charge down to a misdemeanor, and/or have had Petitioner pay a fine to avoid the plea and consequences thereof. (Doc. # 1-1:5-7.)
This Court is not as confident as Petitioner that, if he would have been informed of the immigration consequences, he would never have entered the plea, leading to "vastly" different results. Petitioner has not stated that any facts which, were unknown to him at the time of his decision to plead guilty and, would have made going to trial a more appealing alternative. See Hill, 474 U.S. at 59, 106 S.Ct. 366; Beans v. Black, 757 F.2d 933, 936 (8th Cir.1985), cert. denied, 474 U.S. 979, 106 S.Ct. 381, 88 L.Ed.2d 334 (1985) (prejudice requirement not satisfied where petitioner failed to demonstrate what information counsel could have uncovered that would have changed outcome). Although the immigration consequences would not have been desirable to Petitioner, the available alternatives were not of greater appeal to a point which could reasonably lead this Court to conclude that, even if Petitioner knew all the consequences, the proceedings would have been different.
First, going to trial would not have ensured that Petitioner would not have been convicted and subject to deportation, which is presumably the reason he entered the plea in the first place. Also, the trial *955 record shows that when the circuit court explained Petitioner's right to a trial, he remarked that he did not have any witnesses, implying his disinterest in the alternative. (Doc. # 1-3:11.) Additionally, aside from Petitioner's assertion that Counsel should have been able to negotiate the charge down to a misdemeanor or should have had Petitioner pay a fine, there is no evidence in the record that Counsel would have been able to so negotiate. In fact, the trial record evidences that the prosecutor's recommendation for sentencing was not in the lowest applicable range, which she justified by reference to Petitioner's criminal history and the underlying circumstances; e.g., "we believe the Defendant  has been convicted of assault in the third degree  and was in a special neighborhood where drugs are not tolerated ..." (Doc. # 1-3:12-13.) Given the prosecutor's statements and recommendation, it is not apparent to this Court that Counsel, effective or not, could have negotiated the charge down to something that would have been more appealing than the plea. Furthermore, although Petitioner alleges that Counsel deliberately misled and misinformed Petitioner, there is no evidence before the Court that evidences such affirmative statements from Counsel. (Doc. # 1-1:5.)
Accordingly, Counsel's failure to inform Petitioner that pleading guilty would result in his deportation, and otherwise advising Petitioner to plead guilty, does not rise to the level of constitutionally ineffective assistance, as required by Strickland. See Hill, 474 U.S. at 60, 106 S.Ct. 366 (No finding of prejudice where habeas petition did not allege any special circumstances that might support the conclusion that he placed particular emphasis on the information not provided by counsel; or that, but for counsel's failure to inform him of the consequences of his plea, petitioner would not have pled guilty and would have insisted on going to trial).
Although the Eighth Circuit has not addressed the issue at bar, other Circuits have concluded that deportation is a collateral consequence of the criminal process, and that failure to advise a defendant of potential deportation does not amount to ineffective assistance of counsel. El-Nobani v. United States, 287 F.3d 417, 421 (6th Cir.2002); U.S. v. Jimenez, No. 05-C-1161, 2005 WL 1503123, at *4-5 (N.D.Ill. June 24, 2005); United States v. Fry, 322 F.3d 1198, 1200 (9th Cir.2003); United States v. Gonzalez, 202 F.3d 20, 25 (1st Cir.2000); United States v. Banda, 1 F.3d 354, 356 (5th Cir.1993); Varela v. Kaiser, 976 F.2d 1357, 1358 (10th Cir.1992), cert. denied, 507 U.S. 1039, 113 S.Ct. 1869, 123 L.Ed.2d 489 (1993); United States v. Del Rosario, 902 F.2d 55, 59 (D.C.Cir.1990), cert. denied, 498 U.S. 942, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990); Santos v. Kolb, 880 F.2d 941, 945 (7th Cir.1989), cert. denied, 493 U.S. 1059, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990); United States v. Yearwood, 863 F.2d 6, 7-8 (4th Cir.1988); United States v. Campbell, 778 F.2d 764, 769 (11th Cir.1985); U.S. v. Gavilan, 761 F.2d 226, 229 (5th Cir.1985) (counsel not deemed ineffective where, despite counsel's failure to advise, petitioner knew bad conduct could lead to deportation, and facts did not demonstrate that counsel affirmatively misrepresented or that petitioner would have pled differently if he would have been informed of the collateral consequences).
But see United States v. Kwan, 407 F.3d 1005, 1017-18 (9th Cir.2005) (petitioner established claim of ineffective assistance of counsel where facts demonstrated that petitioner could have gone to trial or renegotiated plea agreement to avoid deportation, could have pled guilty to a lesser charge, or the parties could have stipulated to a sentence of less than one year); c.f. Strader v. Garrison, 611 F.2d 61, 63 (4th Cir. 1979).

*956 II. TEMPORARY RESTRAINING ORDER/ INJUNCTION

This Court granted Petitioner's motion for a temporary restraining order, and the resulting injunction, so as to afford Petitioner an opportunity to exhaust the Missouri state court review of his denied motions to withdraw his guilty plea and subsequent applications for a writ of mandamus, and to continue his requests with the immigration courts to review and/or reconsider the merits of his order of deportation. At present, Petitioner has exhausted his claims with the state courts, and this Court lacks jurisdiction to grant Petitioner equitable relief premised solely on his request for a review of the deportation order.
Accordingly, this Court hereby denies Petitioner's application for a writ of habeas corpus (Doc. # 1-1) and vacates the order (Doc. # 3:3, filed April 19, 2004) imposing a temporary restraining order.